IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NATALIA KUPIEC, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PEOPLECONNECT, INC., a Delaware Corporation, and TRUTHFINDER, LLC, a Delaware Limited Liability Corporation,<br><br>*Defendants*. | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Natalia Kupiec brings this class action complaint against Defendants PeopleConnect, Inc. and TruthFinder, LLC (collectively, "Defendants") to put an end to their unlawful practice of using the names and identities of Illinois residents without their consent in order to promote its service. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her own attorneys.

**NATURE OF THE ACTION**

1. Defendant People Connect operates a website called TruthFinder.com ("Truth Finder") that sells access to a database containing proprietary "detailed reports" about people to anybody willing to pay Truth Finder for a monthly subscription.

2. To market its service Truth Finder encourages consumers to perform a free "people search" on its website. When consumers perform a free search for an individual—by typing the individual's first and last name into the search bar—Truth Finder displays a page

1

featuring the searched individual's full name alongside certain, but limited, uniquely identifying information, including age, location, and names of relatives. The purpose of this page is twofold: first, it shows potential customers that Truth Finder database contains a detailed report for the *specific* individual they searched for and represents that the detailed report contains much more information about the individua than the "free" report, and second, it offers to sell them a paid subscription to its service, where they can access detailed reports about anybody in its database. In other words, Truth Finder does not offer to sell detailed reports about the individuals searched on its website, but rather, uses their identities to sell subscriptions to its paid service.

3. Unsurprisingly, the people appearing in these advertisements never provided Defendants with their consent (written or otherwise) to use their identities for any reason, let alone for marketing purposes.

4. By using Illinois residents' full names in its advertisements without their consent and for its commercial gain, Defendants violated—and continue to violate—the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq*.

## PARTIES

5. Plaintiff Natalia Kupiec is a natural person and a citizen of the State of Illinois.

6. Defendant PeopleConnect, Inc., is a corporation existing under the laws of the State of Delaware with its principal place of business located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101.

7. Defendant TruthFinder, LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business located at 1501 4th Avenue, Suite 400, Seattle, Washington 98101. PeopleConnect, Inc., owns and operates TruthFinder, LLC.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different from the Defendants, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under the subsection apply to this action.

9. This Court has personal jurisdiction over Defendants because they transact significant business in this District, misappropriate the identities of people that they know reside in this District, and the unlawful conduct alleged in the Complaint occurred in and emanated from this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to this claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

*The Illinois Right of Publicity Act*

11. In 1999, the Illinois Legislature recognized that every individual has the "right to control and to choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the IRPA to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

12. The Act protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

13. In fact, the IRPA states that "a person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written

3

consent from the appropriate person…." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

*People Connect Uses Individuals' Names To Promote A Paid Membership To TruthFinder.com*

14. People Connect owns and operates TruthFinder.com, a website that sells comprehensive background reports "about almost anyone." The reports are compiled in part from databases and public record repositories.

15. Truth Finder reports must be purchased from its website and may include high value information including, *inter alia*, the individual's address, birth date, marriage records, and criminal history.

16. When a consumer visits TruthFinder.com and searches for an individual by using his or her first and last name, Truth Finder displays a list of the individuals found within its records that have the same name, alongside certain uniquely identifying information such as each individual's current age, location, and names of their immediate family members ("Marketing Page"). See Figure 1.



**(Figure 1)**

17. Once a consumer selects an individual (by clicking "Open Report") from the Marketing Page, Truth Finder displays a checkout page with two offers to purchase a report: (i) a

4

"Most Popular" tier costing $28.05 per month with access to one month of unlimited reports and (ii) a "Power Users" tier costing for $46.56 with access to two months of unlimited reports. *See* Figure 2.



(**Figure 2**)

18. While a consumer visited TruthFinder.com to search and potentially obtain a report on one specific individual, People Check ultimately offered for sale an entirely different product. Truth Finder is not offering for sale only the report on the searched individual. Instead, Truth Finder is offering for sale a monthly subscription service that grants the purchaser

5

unlimited access to background reports on anybody in its database. The searched for individual's report is a small part of a large database with reports on millions of people.

19. In this way, Truth Finder misappropriated people's identities (individuals' names and other identifying information such as their age, location, and known relatives) for its own commercial benefit (to market and promote a monthly subscription to access unlimited reports on individuals in its database).

20. Most importantly, Truth Finder never obtained written consent from Plaintiff and Class members to use their names for any reason, let alone for commercial purposes. Defendants never notified Plaintiff and Class members that their names would appear on its Marketing Page in conjunction with an offer to purchase access to its database of reports. Moreover, Plaintiff and the Class members have no relationship with People Connect and Truth Finder whatsoever.

21. Plaintiff, on behalf of herself and other similarly situated Illinois residents, brings this action against Defendants for their ongoing violations of the IRPA, and seeks (1) injunctive relief requiring Defendants to cease using Illinois residents' identities for commercial purposes, including on its Marketing Page, (2) the greater of an award of actual damages, including profits derived from the unauthorized use of individuals' names, or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees.

**FACTS SPECIFIC TO PLAINTIFF NATALIA KUPIEC**

22. In 2021, Plaintiff Natalia Kupiec discovered that Defendants were using her identity to solicit the purchase of paid subscriptions.

23. Defendants specifically identified Plaintiff by her full name, location, age, and names of immediate family members on its Marketing Page. *See* Figure 1.

24. Plaintiff never provided Defendants with her written consent (or consent of any

6

kind) to use any attribute of her identity for commercial purposes, and certainly never authorized Truth Finder to use her identity to promote any of its products or services.

25. Plaintiff Natalia Kupiec is not and has never been a People Connect or Truth Finder customer. She has no relationship with People Connect or Truth Finder whatsoever.

## CLASS ALLEGATIONS

26. **Class Definitions**: Plaintiff Natalia Kupiec brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

> All Illinois residents (1) whose identities were displayed on the Marketing Page and (2) who have never purchased any products or services on TruthFinder.com.

27. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendants' records.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class

include, but are not necessarily limited to the following:

    a.    Whether Defendants used Plaintiff's and Class members' names and identities for a commercial purpose;

    b.    Whether Plaintiff's and Class members provided their written consent to Defendants to use their names and identities in advertisements;

    c.    Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act; and

    d.    Whether Plaintiff and the Class are entitled to injunctive relief.

30.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct.

31.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

32.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and

damages as a result of Defendants' unlawful and wrongful conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*
### (On behalf of Plaintiff and the Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

36. Defendants sell subscription-based access to its database containing detailed reports about people.

37. As described above, to promote those reports, Defendants used Plaintiff's and the

putative class members' identities on its Marketing Pages, which display the individuals found within its records that match the searched name, alongside uniquely identifying information such as each person's current age, location, and names of their immediate family members. This information serves to identify the individual to a reasonable audience (i.e., those that are searching for them online) and demonstrate that there is a detailed report in its database for the person they searched for.

38. The Marketing Page has a commercial purpose in that it promotes the Truth Finder website and a paid membership to access reports in its database.

39. Plaintiff and members of the Class never provided Defendants with their written consent to use their full names (or any attribute of their identity) in advertisements for Truth Finder. Defendants never notified Plaintiff and Class members that their names would be used in commercial advertisements.

40. Defendants deprived Plaintiff and Class members of control over whether and how their names can be used for commercial purposes.

41. Based upon Defendants' violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Defendants to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Natalia Kupiec, individually and on behalf of the Class, prays

that the Court enter an Order:

    a.    Certifying this case as a class action defined above, appoint Natalia Kupiec as Class Representative, and appoint her counsel as Class Counsel;

    b.    Declaring that Defendants' actions described herein constitute a violation of the Illinois Right of Publicity Act;

    c.    Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

    d.    Awarding the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation of the members of the Class;

    e.    Awarding punitive damages where applicable;

    f.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

    g.    Awarding Plaintiff and the Class pre- and post-judgment interest; and

    h.    Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all matters that can be so tried.

        Respectfully Submitted,

        **NATALIA KUPIEC**, individually and on behalf of all others similarly situated,

Dated: February 19, 2021        By: /s/Benjamin H. Richman
        One of Plaintiff's Attorneys

        Benjamin H. Richman
        brichman@edelson.com
        Ari J. Scharg
        ascharg@edelson.com
        EDELSON PC
        350 North LaSalle Street, 14th Floor
        Chicago, Illinois 60654
        Tel: 312.589.6370

Fax: 312.589.6378

*Attorneys for Plaintiff and the Class*